**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JODY LYNN COOPSHAW,
et al.,

        CASE NO. 06-CV-13246

    Plaintiffs,

        PAUL D. BORMAN
-vs-        UNITED STATES DISTRICT JUDGE

DETECTIVE SERGEANT
JOHN FIGURSKI, et al.,

    Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court is Defendant Irving C. Shaw, Jr.'s ("Defendant") February 16, 2008 Motion for Reconsideration. (Doc. No. 31). This Court issued an Opinion and Order on February 6, 2008, that granted summary judgment to Lenawee County and granting in part and denying in part summary judgment to Defendant. *See Coopshaw v. Figurski*, No. 06-13246, 2008 WL 324103 (E.D. Mich. Feb. 6, 2008) (unpublished) (Doc. No. 30).

In support of reconsideration, Defendant contends the following: (1) that he is entitled to qualified immunity since "the alleged violation was not articulated in a particularized sense at the time of the underlying incident"; and (2) that he was not involved in the obtaining of the second search warrant. Defendant also cites the recent case decided by a court in this district – *Durfee v. Rich*, No. 02-10041, 2008 WL 324206 (E.D. Mich. Feb. 4, 2008) (unpublished).

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 F. App'x. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished). "A motion for reconsideration which merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich.1997).

The Court finds that it has already addressed both contentions. Neither ground for reconsideration advanced by Defendant demonstrates any palpable defect in the Court's Order.[1]

---

[1] The Court does not find that the recent Eastern District of Michigan case, *Durfee*, presents an analogous situation. *Durfee* involved a district court's consideration of the *pro se* plaintiff's objections to a magistrate judge report and recommendation on a motion to amend the complaint to add the county prosecutor as a defendant. The case involved allegations that the police officer defendants obtained an illegal search warrant to search the plaintiff's home. 2008 WL 324206, at *1

The *Durfee* court first accepted the portion of the R&R denying the motion to amend under Fed. R. Civ. P. 15. *Id*. at *2-3.

As an additional ground, the district court also denied the plaintiff's request to amend the complaint to add the prosecutor on futility grounds:

Therefore, the Court **DENIES** Defendant's motion for reconsideration.

**SO ORDERED.**

                                       s/Paul D. Borman  
                                       PAUL D. BORMAN  
                                       UNITED STATES DISTRICT JUDGE

Dated: February 25, 2008

---

> In addition, the proposed amendment would be futile. Weichel['s] conduct, as set forth in the proposed amended complaint, exclusively involves his role as a state prosecutor. The magistrate judge concluded that Weichel would be protected against civil liability by prosecutorial immunity for all these activities. Despite the plaintiff's belief to the contrary, this Court has never expressed an opinion until now concerning the applicability of the absolute immunity rule to Weichel's conduct in this case. . . .
>
> Applying this standard, it is not difficult to conclude that Weichel's activity described in the proposed amended complaint was "intimately associated with the judicial phase of the criminal process" in the state courts. Assisting a local police official to obtain a search warrant by preparing papers to [sic] presented to a state magistrate was part of the adjudicative process that is shielded from civil liability under well-established precedent. The allegations in the proposed amended complaint allow no other interpretation. Consequently, the Court agrees with the magistrate judge's report stating that the claim against Weichel would be futile.

*Id*. at *4.

In *Durfee*, the district court rejected Plaintiff's allegations that the prosecutor's acts in preparing the search warrant papers for the police officers disqualified him for absolute immunity. In contrast, as explained in the Court's Opinion and Order, there are genuine issues of material fact concerning whether Defendant Shaw did more than prepare papers to present to a state judicial officer, to wit, actively participated in the investigation and provided legal advice to Detective Sergeant Figurski on the sufficiency of probable cause for the search warrant.

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 25, 2008.

                                                          s/Denise Goodine
                                                          Case Manager